# ROCKINGHAM.

## DECEMBER TERM, A. D. 1860.

---

### BARTLETT *v.* PRESCOTT.

The owner of land, who has for himself and his tenants and occupiers a right of way across another's land, may, by a sale of the timber on the land, transfer to the buyer the right to use the way for the removal of the timber.

In pleading a right of way, it is necessary to state that the privilege of passing extends to servants, or the justification will not extend to them.

It must be assumed that the pleader has stated his claim as strongly as he can safely.

TRESPASS, by David Bartlett against John H. Prescott and others, for breaking and entering the plaintiff's close, &c., and with horses and wagons subverting his soil, destroying his grass, &c.

The action was brought before a justice of the peace, and there the defendant pleaded the general issue, a license, and right of way. It was afterward entered in the court of common pleas, where the plaintiff filed several replications, a denial of the license, and a revocation, a denial of the right of way, and *extra viam*, that the plaintiff brought his action not only for the trespasses attempted to be justified, but for others committed out of said way, &c.

Issues of fact were joined upon all the pleadings, excepting the replication denying the right of way, to which there was a demurrer. This plea the court adjudged bad, and the defendants excepted.

At the trial, the defendants moved that the action be dismissed for want of jurisdiction, and the motion was overruled, subject to exception.

They also moved that the plaintiff's evidence be confined to the matters embraced in the new assignment, but this motion was overruled, and exception was taken.

It was proved that the plaintiff was and long had been possessed of the close, in which, &c.; that October 16 and 17, 1857, said J. H. Prescott, and the other defendants, as his servants, entered the said close against the plaintiff's remonstrance, and with their teams and horses did the injuries complained of, claiming to justify under a license from the plaintiff.

To show such license, J. H. Prescott, by his own testimony, offered evidence tending to prove that August 8, 1856, one Plumer was the owner of twenty-five acres of wood and meadow adjoining the plaintiff's close; that from this tract there was a path, sometimes used by Mr. Plumer, over and across the plaintiff's pasture and barnyard to the highway, and another path, occasionally used over land of other persons to the same highway. One S. Prescott proposed to purchase of Plumer the wood and timber upon said land, and before concluding the purchase, said J. H., with S. Prescott, went to the plaintiff to see if he would consent to have him haul their stuff across his land, and the plaintiff gave his consent, and they returned to Plumer, and completed the purchase, and took from him a bill of sale, as follows:

"August 8, 1856, S. Prescott bought of S. Plumer, Jr., all the wood which is now on a lot of land, &c., (described) for the sum of $300, and said S. Prescott is to have from the above date until the first day of September, 1857, to take it off in.

(Signed)          S. PLUMER, JR."

J. H. Prescott further testified that soon after the purchase, S. Prescott entered and cut down the hemlock trees, peeled the bark and hauled it across the plaintiff's land,

with some trees, to the highway, and in the winter and spring following, cut and piled on the land one hundred and fifty cords of wood. Twice in the summer following he spoke of hauling the wood across the plaintiff's land to him, and he said he had better let it alone a little longer, as the path was wet. He waited till October 16, 1857, and commenced hauling over the plaintiff's land. The plaintiff objected, said he had only given leave to haul logs and bark, and forbid their entering his land, but they continued to haul the wood.

S. Plumer, Jr., testified that he had used the way across the plaintiff's land, by his permission, for a number of years; he claimed no right of way there. J. H. and S. Prescott told him that Bartlett would consent to have them take the bark across his land, nothing more.

The plaintiff's evidence tended to prove the acts complained of, and that the defendants, on one occasion, diverged from the path four to eight rods, and that he gave no license to haul wood across his land, but bark only.

Upon this evidence, the court ruled that if any license was proved, that it was revocable, and after the plaintiff forbid their entry on his land, October 16, the defendants became trespassers, and were liable for subsequent acts in damages. To this ruling the defendants excepted, and a verdict was taken by consent for the plaintiff, the jury assessing the damages. The defendants moved to set aside the verdict, and for a new trial.

The plea of right of way was substantially as follows:

And for a further, &c., as to breaking, &c., the plaintiff, his action, &c., because they say that S. Prescott, at the time when, &c., long before and since, has been and is seized and possessed of a great quantity of wood, timber, and trees, standing and being on a lot of land situate, &c.; and said Bartlett was then seized and possessed of the close, &c., in which, &c., contiguous and adjoining said

first-mentioned close, said Plumer, and all whose estates he has, &c., at said time when, &c., and at the time of the purchase hereafter set forth, in said lot and its appurtenances had, and from time whereof the memory of man is not to the contrary have had and used, and been accustomed to have and use, by himself and themselves, their tenants and occupiers, the liberty and privilege, and a right of way over said Bartlett's said close, and across and along the same, from said Plumer lot to the highway, to cross and recross therein on foot, with horses, cattle, wagons, carts, and other carriages, for the convenient occupation of said lots, and said S. Prescott, on, &c., purchased the said wood, timber, and trees of said S. Plumer, then and there being upon said lot, standing and growing, with the right to cut and haul away the same for his own use and benefit, and the defendants say that at, &c., they were the servants of said S. Prescott, and by his command, with said horses, &c., and carts, &c., entered the said close of the plaintiff, as they had a right to do, for the purpose of drawing and hauling from said Prescott's said close said wood, timber, and trees, which is the same, &c., and this, &c.

*A. Wood*, for the defendant.

The license is not a permanent easement in land, and may be by parol. *Simpson* v. *Burnside*, 13 N. H. 264; 3 Kent Com. 352; *Woodbury* v. *Parshley*, 7 N. H. 237. The license had induced the expenditure of money, and had led Prescott to complete the purchase, and was, therefore, irrevocable. 3 Kent Com. 452; *Nettleton* v. *Sikes*, 8 Met. 34; *Woodbury* v. *Parshley*, 7 N. H. 240; 2 Am. Lead. Cas. 690; *Wood* v. *Manley*, 11 A. & E. 34; *Ameriscoggin Bridge* v. *Bragg*, 11 N. H. 602; *Emick* v. *Kern*, 14 S. & R. 267; *Thomas* v. *Sorell*, Vaugh. 35. If revocable, it could not be until a reasonable notice to the defendant to that effect. *Henry* v. *Henry*, 2 Den. 625; *Woodbury*

v. *Parshley*, 7 N. H. 240. The new assignment is in the nature of a new declaration, and throws aside the former pleadings. 1 Ch. Pl. 625. It abandons the trespass, which the defendant has justified. 1 Ch. Pl. 629, 630, 631, 639. Therefore the plaintiff, in his proof, should have been confined to his new assignment. The pleas did not raise the title to the real estate before the magistrate. The fourth plea was no more than a license. It was a license, not continuous, but limited in its effect, and the motion to dismiss should have prevailed. The replication is bad, and the demurrer should have been sustained. The plea is good as a plea of license.

*G. C. Bartlett*, for the plaintiff.

The motion to dismiss the action was properly denied. See Comp. Stat. 442, ch. 184, secs. 3, 4; *Hanson* v. *Hoit*, 14 N. H. 56. The whole evidence is reported. It is all competent under the pleadings. The new assignment, as to trespasses outside the way, alleged, was proper. Steph. Pl. 226; *Green* v. *Jones*, 1 Saund. 300; 2 Saund. Pl. & Ev. 1255; 1 Ch. Pl. 632. The burden is on the defendants to show a license coextensive with the trespasses committed. No license is shown for any act done after September 1, 1857. The license, if any, was to draw the wood and timber purchased of Plumer, August 8, 1856. That was a conditional purchase, and, we contend, only so much of the wood and timber passed as was taken off by September 1, 1857; or if the whole of the timber passed, Prescott not having complied with the condition, that portion which remained on the lot reverted to Plumer. *Pease* v. *Gibson*, 6 Gr. 81; *Putney* v. *Day*, 6 N. H. 431; *Kemble* v. *Dresser*, 1 Met. 271; *Reed* v. *Merrifield*, 10 Met. 155; 1 Hill. on Torts 130, n. If the court so hold the law, the defence is at an end. A parol license to pass and repass on another person's land, is revocable at the pleasure of the party giving it, so far as it remains unexecuted. *Cook* v. *Stearns*,

11 Mass. 533; *Carlton* v. *Redington,* 21 N. H. 291; *Marston* v. *Gale,* 24 N. H. 176; *Ruggles* v. *Lesure,* 24 Pick. 187; 2 Am. Lead. Cas. 701, n; *Wood* v. *Leadbitter,* 13 M. & W. 837; *Giles* v. *Simonds,* 23 Law Rep. 250. To hold otherwise would be giving to a parol license the force of a conveyance of a permanent easement in real estate. Such a doctrine cannot be sustained. No such right or interest can be created by parol. Comp. Stat. 290, ch. 136, sec. 12; *Cook* v. *Stearns,* 11 Mass. 533; *Carlton* v. *Redington,* 21 N. H. 291; *Stevens* v. *Stevens,* 11 Met. 251.

BELL, J. The motion to dismiss the action for want of jurisdiction was properly denied. The plea of right of way raised a question of title in the easement claimed, and easements are real estate at common law—2 Bl. Com. 20—as well as by the terms of our statute. Rev. Stat., ch. 1, sec. 17. This point was expressly decided in *Pritchard* v. *Atkinson,* 4 N. H. 293.

The question whether the defendant must be confined to his plea of title, arose in the case of *Janvrin* v. *Scammon,* 26 N. H. 362; and the court there held, in opposition to what had been a prevalent impression, derived from decisions in Massachusetts, that a defendant, who desires to avail himself of title to real estate as a defence, may plead, in these actions of trespass, the proper plea to oust the jurisdiction of the justice, and transfer his action to the court above, and with it may plead the general issue, and plead or give notice, by a brief statement, of as many grounds of defence as he thinks fit, and upon the trial in the court above he may avail himself of any defence, which he could do, if the action was commenced then in the usual manner. See *Foster* v. *Lane,* 30 N. H. 317.

The ruling of the court in relation to the license is in accordance with the decisions in this State and elsewhere. Every mere license is in its nature revocable. *Carleton* v. *Redington,* 21 N. H. 291; *Cowles* v. *Kidder,* 24 N. H. 364; *Marston* v. *Gale,* 24 N. H. 176.

Though it has been held in this State that a license to do acts on land, which are attended with expense—as to build a bridge—*Ameriscoggin Bridge* v. *Bragg*, 11 N. H. 102; or a mill dam—*Woodbury* v. *Parshley*, 7 N. H. 237; and see *Sampson* v. *Burnside*, 13 N. H. 264—could not be revoked without compensation; yet here there is no proof of any expenditure upon the land to bring it within that class.

Whether it could properly be regarded as a fraud for a party who should encourage another to purchase property, by giving a license to haul wood from it across his land, when the proposed purchaser would not otherwise buy, to revoke his license after the purchase, and before its purpose was answered, is a question not raised by the case, and need not now be considered.

The doctrine that a new assignment is a waiver of the cause of action, justified by the plea is well founded, but the objection taken here rests upon a misapprehension as to the limit to which that doctrine applies or extends.

It is a well settled doctrine of our court, that each plea and pleading stands on its own ground, and is not affected by any other plea, and the admissions made in pleading one plea, or found in one set of pleadings, cannot be used as cause of demurrer, or as matter of evidence, in issues joined in other pleadings. *Cilley* v. *Jenness*, 2 N. H. 89; *Chapman* v. *Sloan*, 2 N. H. 464; *Kimball* v. *Bellows*, 13 N. H. 68; *Buzzell* v. *Snell*, 25 N. H. 480; *Bump* v. *Smith*, 11 N. H. 48. The waiver, then, of the cause of action justified by the plea, to which the new assignment is made, is to be regarded only in considering the questions arising on those pleadings. Any different rule would, to a great extent, defeat the use of double pleas.

The question apparently designed to be raised by the demurrer is this, whether the owner of land, who has, for himself and his tenants and occupiers, a right of way across a neighbor's land to the highway, for the convenient occu-

pation of his land, can transfer to another a right to use this way to haul off the timber and wood growing on his land, to whom he had sold the trees with such a privilege to haul them off.

This question must be answered, we think, in the affirmative. As the owner of the land has himself the right to use the way to haul off his wood and timber, as well as for any other purpose, he may, by a sale of the timber with a right to remove it, give the purchaser the same right which he has himself to use the way. The buyer is to be regarded as, for this purpose, the tenant of the land, and entitled as such to use the way.

The plea in this case shows the facts necessary to establish this, though in an informal way.

It is alleged that S. Plumer, and those whose estate he had in this land, had had, from time immemorial, a right of way across the plaintiff's land from his land to the highway, for the convenient occupation of it, for themselves, their tenants and occupiers; that Plumer sold to S. Prescott the wood, timber, and trees growing on this lot, with a right to enter and remove the same; that the defendants were servants of S. Prescott, and entered by his direction to remove the wood and timber. And this, properly alleged, makes a good title.

The difficulty with the plea is, that no right is alleged, in Plumer or Prescott, to use the way by their own servants, or the servants of tenants. It is of course to be taken that the pleader has stated the defendants' right as strong as it will bear,—and, as stated, it does not reach the case of these defendants. The court cannot say that a right of way of course extends to servants. It may be, either by grant or prescription, the personal right of the owner and his tenants, and servants may have been expressly excluded. The plea, therefore, fails to show a good defence for these defendants, and it was, consequently, properly overruled.